IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAY ROMAIN BOYCE,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0698 |
| | : | |
| **DETECTIVE THOMAS CORSANICO,** *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**YOUNGE, J.**                                                                                              **JANUARY 11, 2024**

       Currently before the Court is an Amended Complaint ("AC" (ECF No. 3))[1] filed pursuant to 42 U.S.C. § 1983 by Jay Romain Boyce, an unrepresented litigant who is currently incarcerated at SCI Rockview. The AC asserts violations of Boyce's constitutional rights against Detective Thomas Corsanico and the Mount Laurel Police Department. For the following reasons, the Court will dismiss Boyce's claims against the Mount Laurel Police Department with prejudice and will dismiss the remainder of the AC for failure to state a claim pursuant to 28

---

[1] On October 23, 2023, this Court granted Boyce's Motion to Supplement and Amend Civil Complaint and granted him thirty (30) days in which to file a second amended complaint that identified all of the defendants in the caption and body of the second amended complaint, and "[did] not rely on the initial Complaint, the Amended Complaint, the proposed supplemental allegations and claim included in Boyce's Motion to Supplement and Amend, or any other papers filed in this case to state a claim." (*See* ECF No. 17.) Boyce did not file a second amended complaint, but instead filed a letter addressing deficiencies the Court identified in his Amended Complaint and resubmitting that document. (*See* ECF No. 19.) Because Boyce did not file a second amended complaint in accordance with the Court's Order, the Court will screen the Amended Complaint, which is the operative pleading. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)) (stating that an unrepresented litigant "'cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.'")

U.S.C. § 1915(e)(2)(B)(ii).  Boyce's Motion to Appoint Counsel (ECF No. 18) will be denied as moot.

I.     **FACTUAL ALLEGATIONS**[2]

Boyce alleges that on November 19, 2021, he was arrested at his home following a search conducted pursuant to two warrants issued by Burlington County.  (AC at 4-5.)  Boyce alleges that Defendant Corsanico searched his vehicle and removed evidence, which he shared with Detective Jeffrey Jumper of the Upper Makefield Police Department in Pennsylvania.  (*Id*. at 5.)  Corsanico also allegedly shared the evidence with Detective J. Lewandowski of the Bordentown, New Jersey Police Department.  (*Id*.)  Boyce alleges that he later learned that the scope of Corsanico's search of his phone exceeded the parameters of the Communications Data Warrant in that Corsanico reviewed the history on Boyce's phone to determine his locations over an undefined period of time, though the warrant allegedly only permitted a search for ping notification during a thirty-day period beginning on November 17, 2021.  (*Id*.)  Boyce alleges that he was arrested following the search, and that his car was seized and forfeited without notice to him.[3]  (*Id*. at 6.)  Boyce asserts violations of his Fourth and Fifth Amendment rights.  (*Id*. at 3.)  He seeks money damages.  (*Id*. at 6.)

---

[2] The allegations set forth in this Memorandum are taken from Boyce's AC (ECF No. 3).  The Court adopts the pagination assigned by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] Boyce does not identify who seized his car or when or how it was forfeited.  Significantly, he does not allege that either Corsanico or the Mount Laurel Police Department were responsible for these actions.  As such, he cannot state a § 1983 claim against them for this alleged deprivation of his property.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.)  To the extent Boyce seeks recovery for the

On May 18, 2023, Boyce pled guilty to charges pending against him in the Bucks County Court of Common Pleas based on the evidence obtained and shared by Corsanico and so advised the Court on May 29, 2023. *See Commonwealth v. Boyce*, CP-09-CR-0006340-2022 (C.P. Bucks); (ECF No. 12). Boyce has also advised the Court that he pled guilty to charges pending against him in New Jersey based on the evidence obtained during the search executed by Corsanico. (ECF No. 14 at 3.)

## II.    STANDARD OF REVIEW

Boyce has already been granted leave to proceed *in forma pauperis*. (*See* ECF No. 7.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Boyce is proceeding *pro se*, the Court construes his allegations liberally. *Vogt*, 8 F. 4th at 185 (citing *Mala*, 704 F.3d at 244-45.

---

seizure and forfeiture of his car, he may pursue that claim in a new action against the proper governmental defendant.

### III.     DISCUSSION

Boyce asserts Fourth and Fifth Amendment claims against Corsanico and the Mount Laurel Police Department. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.      Claims Against Mount Laurel Police Department

Boyce asserts constitutional claims against the Mount Laurel Police Department and seeks an award of money damages. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Mount Laurel Police Department is not a proper defendant in this case under Section 1983 and Boyce's claims against it are dismissed with prejudice.

### B.      Claims Against Corsanico

Brown claims that Corsanico's search exceeded the scope of the warrants upon which he relied in executing the search, and that he improperly shared the evidence seized with detectives from Upper Makefield Township in Pennsylvania and Bordentown City in New Jersey, resulting in Boyce's conviction and incarceration, all in violation of Boyce's Fourth and Fifth Amendment rights.  (AC at 3, 5.)  He asserts claims against Corsanico in both his official and individual capacities and seeks money damages.  Boyce's claims will be dismissed.

#### 1.      Official Capacity Claims

Boyce asserts a claim against Corsanico in his official capacity.  Claims against municipal employees such as Corsanico named in their official capacity are indistinguishable from claims against the governmental entity that employs the defendant, here Mount Laurel, New Jersey.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Boyce, however, does not assert claims against Mount Laurel and does not allege that he suffered a constitutional violation due to a policy or custom of Mount Laurel.  Accordingly, his official capacity claims against Corsanico are not plausible and must be dismissed.  He will not be permitted to amend these claims as any

constitutional claims against Mount Laurel would be barred for the same reason, discussed next, that the individual capacity claims against Corsanico cannot proceed.

## 2. Individual Capacity Claims

Boyce's constitutional claims against Corsanico seeking money damages cannot proceed. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487.

Here, Boyce claims that the scope of the search conducted by Corsanico exceeded the bounds of the warrant permitting the search. Were the Court to entertain the claim and find in favor of Boyce, the validity of his convictions, which as Boyce alleges rest on the fruits of the search, would be called into question. Since public records show that Boyce's convictions have

not been reversed or otherwise been declared invalid or called into question in the context of a *habeas corpus* proceeding or otherwise, and since success on Boyce's claims would necessarily imply the invalidity of the conviction, his civil rights claims are not cognizable.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Boyce's claims against the Mount Laurel Police Department with prejudice and dismiss the remainder of his Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Boyce will not be permitted to file an amended complaint.  Rather, he may file a new civil action to raise his claims if his underlying convictions are ever reversed on direct appeal or otherwise impugned.  Boyce's Motion to Appoint Counsel will be denied as moot.  An Order follows, which shall be docketed separately.

**BY THE COURT:**

**/s John Miton Younge**
**JOHN M. YOUNGE, J.**